Patrick J. Geile
CHAPTER 7 BANKRUPTCY TRUSTEE
PO Box 925
Meridian, ID 83680
Telephone (208) 947-1575

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

In Re:

Love, Brian Roy

        Debtors.

Case No. 20-40868-JMM
Chapter 7

**TRUSTEE'S OBJECTION TO EXEMPTION**

---

**NOTICE OF OBJECTION TO EXEMPTION AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **14** days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

---

Comes Now Patrick J. Geile (the "Trustee"), the chapter 7 bankruptcy Trustee for the estate of Brian Roy Love, ("Debtor") and hereby objects to the Debtor's Exemption pursuant to Bankrupcty Rule 4003 and Local Bankruptcy Rule 4003.1, as follows:

    1.    Debtor filed for bankruptcy on November 10, 2020.

    2.    The Debtor listed certain bank accounts including checking $2,000.00 and savings $500.00 accounts at D.L. Evans bank. As well as savings account at Mountain America.

**TRUSTEE'S OBJECTION TO EXEMPTION - 1**

3. At the time of the bankruptcy filing, the Debtor claimed those funds as exempt pursuant to 11-604 and 11-207.

4. The Debtor claimed the entire $2,000 and $500.00 amounts exempt.

5. At the time of filing the actual amount in the accounts was $2,414.52 and $500.96.

6. At the time of the bankruptcy filing, the funds on hand in the Debtor's bank account were not held in a "qualifying account" nor were the monies from wages and therefore, those funds were not exempt.

7. On December 14th Trustee communicated with Counsel for debtor inquiring about the source of the funds and whether or not it was disability, or some other exempt asset.

8. On December 14th, counsel for Debtor indicated the Debtor "He took the cash out this summer and has been living on it"

9. On December 14th, 2020, the Trustee emailed counsel for the Debtor and made a demand for the turnover of those funds, due to their non-exempt status.

10. Debtor turned those funds over through Debtor's counsel and those funds were deposited on December 18, 2020.

11. Trustee understands the funds came form Debtor's counsel and the Debtor is repaying counsel the money counsel sent to the trustee.

12. Trustee did not file an objection to the claim of exemption due to the fact that the Trustee was in possession of those funds.

13. The debtor has not amended his schedules to remove the improper claim of exemptions.

14. The deadline to object to the claim of exemption would have been 30 days from December 14, 2020 or January 13, 2021.

**TRUSTEE'S OBJECTION TO EXEMPTION - 2**

15. On February 3, 2021, Counsel for the Debtor, Mr. Ross, emailed indicating that the Trustee was in possession of exempt funds that needed to be returned to the Debtor.

16. After discussions with Debtor's Counsel, the Trustee and Debtor's Counsel are unable to come to a resolution regarding the improper claim of exemption and the exempt nature of those funds.

17. Therefore, Trustee is filing this Objection to get resolution from this Court.

## LEGAL ARGUMENT

18. In this case the doctrine of equitable estoppel applies:

> Whether a filing period is subject to equitable estoppel is a matter of law, reviewed *de novo. In re Santos, 112 Bankr. 1001, 1004 (9th Cir.BAP 1990).* Estoppel is an equitable doctrine, and, generally, a failure to comply with bankruptcy rules may be excused by equitable doctrines. Id. Equitable estoppel provides that "he who by his language or conduct leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted." *Farmer Bros. Co. v. Huddle Enter., Inc., 366 F.2d 143, 148 (9th Cir. 1966)* (quoting *Dickerson v. Colgrove, 100 U.S. 578, 580, 25 L. Ed. 618 (1879)). Canino v. Bleau (In re Canino)* 185 B.R. 584 (9th Cir. B.A.P. 1995)

19. *In Canino,* the trustee failed to object to a Debtor's improper claim of objection within the timeframe prescribed by Rule 4003. The court held nonetheless the debtor's inaction and receipt of the properly claimed amount created the issue of estoppel. In this case the trustee emailed counsel for the debtor regarding the non exempt portion of the debtor's bank account. Counsel then provided the trustee funds equal to the amount in the account at the date of filing. This action on behalf of the debtor is what raises the estoppel issue.

20. The Debtor's schedule C creates ambiguity on what exemption is applying to what funds. In the case the Debtor used two separate exemptions to claim the same amount of bank funds it is unclear which applies, and neither could simultaneously apply. "Some Ninth Circuit

**TRUSTEE'S OBJECTION TO EXEMPTION - 3**

cases have made inroads on Taylor, for example, where a claimed exemption is ambiguous, it will be resolved against the debtor. *See In re Kahan, 28 F.3d 79 (9th Cir. 1994), cert. denied, 130 L. Ed. 2d 1067, 115 S. Ct. 1100 (1995)*; *In re Hyman, 967 F.2d 1316 (9th Cir. 1992).*" *Id.* at 592.

21.  Finally, Counsel and the Debtor have a duty to correct misrepresentations made in court filings, which would resolve the issue.

## CONCLUSION

22.  For the aforementioned reasons, this court should uphold the objection to claim of exemption or in the alternative, extend the deadline to object to the claim of exemption based on the Trustee's reasonable reliance and ambiguity set forth above.

Date: February 17, 2021                          /s/ Patrick J. Geile
                                                 Chapter 7 Bankruptcy Trustee

**TRUSTEE'S OBJECTION TO EXEMPTION - 4**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

US Trustee        ustp.region18.bs.ecf@usdoj.gov

Paul Ross         paul@idbankruptcylaw.com

AND, I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants via U.S. Mail, Postage Prepaid:

Brian Roy Love
1415 Saddler Street
Twin Falls, ID 83301

/s/     Patrick J. Geile

**TRUSTEE'S OBJECTION TO EXEMPTION - 5**