Paul Ross
PO Box 483
Paul, ID  83347
T: (208) 219-7997
#8676
F: (208) 416-6996
paul@idbankruptcylaw.com
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In Re:<br><br>**BRIAN ROY LOVE,**<br><br>Debtor. | Case No: 20-40868-JMM<br>Chapter 7 |

RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

Debtor, through the undersigned attorney, files this Response to Trustee's Objection based on the following:

**1.** Debtor filed his bankruptcy on 10 November 2020.  Dkt. No. 1.  Debtor's schedules included three bank accounts, two with DL Evans.  Dkt. No. 1, p. 13.  Both DL Evans accounts list two separate exemptions, one under Idaho Code ("IC") § 11-207 for 75% and the second under IC § 11-604A for 100%.  Dkt. No. 1, p. 19.  The §341 Hearing was scheduled for 14 December 2020.  Dkt. No. 2.  The § 341 Hearing was held and concluded.  Dkt. No. 16.  Trustee demanded turnover of the funds in both accounts the same day.  Debtor immediately complied turning over $2,915.48.  Dkt. No. 21, ¶¶ 5, 10.  Trustee filed his objection to Debtor's Claim of Exemption on 27 February 2021, 65 days after the § 341 Hearing.  Dkt. No. 21.

**2.**  Filing of a Chapter 7 bankruptcy automatically creates an estate.  § 541(a).  The Trustee is the representative of the estate.  § 323.  Debtor has a duty to surrender to Trustee all estate property.  § 521(a)(4).  A debtor may claim certain exemptions in property of the estate.  § 522.  Debtor is required to file a list of property that is claimed as exempt.  § 522(l).  "[A] party in interest may [then] file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list of supplemental schedules is filed, whichever is later."  Fed. R. Bankr. P. 4003(b)(1) ("FRBP").  Any such objection must also be delivered or mailed to the Debtor.  FRBP 4003(b)(4).

**3.** If a party in interest does not object during the objection period, "the property

claimed as exempt on such list is exempt." § 522(l).  An objection outside the 30-day time to file an objection means the objection cannot be awarded by the Court.  <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 644 (1992).  This is true "even if the debtor had no good faith basis for the claim of exemption."  <u>In re Gebhart</u>, 621 F.3d at 1209-10.  "The effect of an exemption is that the debtor's interest in the property is 'withdrawn from the estate (and hence from creditors) for the benefit of the debtor.'"  <u>Id.</u> at 1210 (quoting <u>Owen v. Owen</u>, 500 U.S. 305, 308 (1991)).  "It is widely accepted that property deemed exempt from a debtor's bankruptcy estate revests in the debtor."  <u>In re Smith</u>, 235 F.3d 472, 478 (9th Cir. 2000).

4.      Trustee did not file an objection within 30 days with the Court.  Property not objected to revests in the Debtor.  <u>In re Mwangi</u>, 764 F.3d 1168, 1174.  Therefore, the Court cannot award the relief the Trustee seeks.  <u>Taylor</u>, 503 U.S. at 644; <u>Gebhart</u>, 621 F.3d at 1209-10.  However, Trustee relies upon <u>In re Canino</u>, to support the notion of equitable estoppel.  Dkt. No. 21, ¶ 18; <u>Canino</u>, 185 B.R. 584 (9th Cir. BAP 1995).  It is important to note the Trustee does not assert an informal objection from <u>Canino</u>, merely equitable estoppel.  Equitable estoppel is a failure to comply with bankruptcy rules may be excused by equitable doctrines.  <u>In re Santos</u>, 112 B.R. 1001, 1004 (9th Cir. BAP 1990).  Estoppel is where language or conduct leads another to do what he would not otherwise have done and should not subject such person to loss or injury due to that leading.  <u>Farmer Bros. Co. v. Huddle Enter., Inc.</u>, 366 F.2d 143, 148 (9th Cir. 1966)(quoting <u>Dickerson v. Colgrove</u>, 100 U.S. 578, 580 (1879).

5.      Trustee inquired regarding the funds and requested immediate turnover of the funds in the bank account.  Dkt. No. 21, ¶ 9.  Trustee did not state the reason for the turnover, certainly not an explicit objection as required for informal objections.  <u>Canino</u>, 185 B.R. at 594.  Debtor immediately complied as required by § 521(a)(4).  Dkt. No. 21, ¶ 10.  Debtor notified Trustee that the funds held were exempt and should be returned to the Debtor.  Dkt. No. 21, ¶ 15.  Debtor took no action for which Trustee could rely upon to the injury of the Trustee.  Debtor complied with his statutory duties.  Trustee did file a Notice of Assets.  Dkt. No. 17.  However, no actual document was created by the Trustee and the mailing was done by the Bankruptcy Noticing Center.  Dkt. No. 18.  Such expense is minor, routine, and affirmative duties of a Trustee.  Trustee has not indicated any injury or loss based upon the Debtor for which estoppel should be applied.  Certainly not a two year gap of holding the funds as found in <u>Canino</u>.

2

Response to Objection to Claim of Exemption

**6.** Trustee suggests equitable estoppel as a basis for not needing to conform with the statute or the rule. The trustee "may file an objection" and is vested with that authority. See Law v. Siegel, 134 S.C.t 1188, 1196 (2014). The Trustee need not invoke an objection to which the statute entitles him, but if he does, the court may not honor the objection absent a valid statutory basis for doing so. Id. Paraphrasing Law, the code and rules' meticulous – not to say mind-numbingly detailed – enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exemptions. Id. Law abrogates Canino and suggests the code and the rules do not permit this Court to permit an informal objection to exemptions or to apply equitable estoppel on such meager reliance.

**7.** The 9th Circuit has consistently recognized the strict application of the 30-day limit for objections to exemptions as required under Taylor. See In re Hyman, 967 F.2d 1316, 1319 N. 6 (9th Cir. 1992)("Unless there is a timely objection from a party in interest, any property claimed as exempt by a debtor – regardless of whether the claimed exemption is valid – is automatically exempt under section 522(l)."); In re Kahan, 28 F.3d 79, 83 (9th Cir. 1994)(In Taylor, the Supreme Court held that where a trustee fails to object timely to a claimed exemption, he cannot later contest the exemption, 'whether or not [the debtor] had a colorable statutory basis for claiming it.'"; In re Bernard, 40 F.3d 1028, 1031 (9th Cir. 1994), cert. denied, 514 U.S. 1065 (1995)(holding same); Preblich v. Battley, 181 F.3d 1048, 1052 (9th Cir. 1999)(quoting Taylor for the proposition that "after time to file objection has run, exemption cannot be contested, 'whether or not [the debtor] had a colorable statutory basis for claiming it.'").

**8.** Likewise, the 9th Circuit Bankruptcy Appellate Panel has applied the same strict standard. In re Morgan, 149 B.R. 147, 151 (9th Cir. BAP 1993)("Under Taylor, even an exemption claim that is totally baseless will result in the property at issue being exempt if neither the trustee nor another party in interest timely objects to the exemption."); Canino, 185 B.R. 584, 595 (9th Cir. BAP 1995)("The bankruptcy court's broad equitable power does not enable it to carve out an exception to Taylor's strict construction of §522(l) and [FRBP] 4003[.]"); In re Heintz, 198 B.R. 581, 584 (9th Cir. BAP 1996)(all property listed as exempt on debtor's schedules became exempt even though the debtor may have had no colorable basis for claiming the exemptions); In re Spenler, 212 B.R. 625, 629 (9th Cir. BAP 1997)(Taylor "holds that if no objection is filed within the 30-day

period prescribed by [FRBP] 4003(b) the debtor's claimed exemption is valid."); In re Morgan Busby, 272 B.R. 257, 265 (9th Cir. BAP 2002)("Taylor made it clear that the purpose for a short objection period in [FRBP] 4003(b) is to encourage finality… Allowing a trustee to distinguish between an objection to exemption itself and the value of the property subject to that exemption does not promote finality.").

9. Debtor's schedules were not ambiguous to trigger the ambiguity exception as found in Hyman. In re Hyman, 967, F.2d 1316 (9th Cir. 1992). Debtor controls the schedules and any ambiguity is construed against him. Id. at n.6. Debtor listed two DL Evans bank accounts with estimated values of $2,000.00 and $500.00 for the date of filing. Dkt. No. 1, p. 13. Debtor unambiguously claimed both accounts as 100% exempt under IC § 11-604A and both accounts as 75% exempt under IC § 11-207. Dkt. No. 1, p. 19. Trustee argues that simultaneous exemptions are also part of the issue, but many exemptions could simultaneously apply. A gun could be exempt under firearm, wildcard, heirloom, or even household exemptions depending on the facts, even all simultaneously. Just like PERSI retirement (arguably not estate property) could also be exempt under public retirement and qualified retirement exemptions. Other potential overlapping exemptions exist.

10. Ultimately Trustee does not have reliance on Debtor fulfilling his statutory duties for an estoppel argument. No informal objection was provided to Debtor. Even if it was an informal objection, it still did not comply with the duty to deliver or mail a copy to the Debtor. FRBP 4003(b)(4). Exemptions still apply even if no colorable claim to the exemption exists.

WHEREFORE, Debtor requests Trustee's Objection be denied.

DATED this 18 February 2021

      /s/ Paul Ross
      PAUL ROSS

4

Response to Objection to Claim of Exemption

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 18 February 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

U.S. Trustee, ECF
Patrick Geile, ECF, Trustee

I further certify that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via First Class mail, posted prepaid addressed as follows:

NA

Via certified mail, return receipt requested, addressed as follows:

NA


      /s/ Paul Ross
      PAUL ROSS

Response to Objection to Claim of Exemption